## In re UNISYS CORPORATION RETIREE MEDICAL BENEFITS ERISA LITIGATION.

**This Document Relates To: All Actions.**

**MDL No. 969.**

United States District Court, E.D. Pennsylvania.

March 10, 1997.

*MEMORANDUM*

CAHN, Chief Judge.

Plaintiff retirees brought this class action against their former employer, Unisys Corporation,[1] pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Before the court are a motion for summary judgment by the Sperry retirees and two motions for partial summary judgment by Unisys. For the reasons stated below, Plaintiffs' motion is denied, and Defendant's motions are granted in part and deferred in part.

## I. FACTS AND PROCEDURAL HISTORY[2]

This class action, filed on behalf of former employees of the Sperry, Burroughs, and Unisys Corporations, arises out of Unisys' termination of its post-retirement medical plans for retirees and disabled former employees of the three companies.

On November 3, 1992, Unisys announced that effective January 1, 1993, it was terminating all pre-existing medical benefit plans ("old plans") and replacing the old plans with a new one, called the Unisys Post–Retirement and Extended Medical Disability Plan ("new plan"). Under the majority of the old plans, Unisys had paid the entire medical premium for a retiree's life and provided continuing benefits for the retiree's spouse. In contrast, the new plan would require retirees to contribute an increasing portion of the premiums until January 1, 1995, at which time the retirees would become responsible for the entire premium. Plaintiffs, who will be referred to throughout this opinion as the retirees, brought suit in several jurisdictions to challenge the termination of benefits. The Judicial Panel on Multidistrict Litigation transferred the cases to the Eastern District of Pennsylvania. This court certified the class and identified several subclasses.[3]

The claims raised by the retirees sought relief based on three causes of action: breach of contract, equitable estoppel, and breach of fiduciary duty. On the breach of contract claims, which sought reinstatement of the old plans based on the theory that the benefits had vested and that the company had an obligation to continue the plans, the court granted Unisys' summary judgment motion as to the Burroughs and Unisys retirees, but denied the motion on the Sperry retirees' claims. *In re Unisys*, 837 F.Supp. at 675–79. Following a non-jury trial, this court entered judgment for Unisys on the Sperry retirees' contract claims. *In re Unisys Corp. Retiree Medical Benefits ERISA Litig.*, MDL No.

1. Unisys Corporation is the product of a 1986 merger between the Sperry and Burroughs Corporations. The class of plaintiffs includes former employees of all three corporations. Unless otherwise stated, this opinion will use the term "Unisys" to refer to all three companies.

2. The factual and procedural history in this case is extensive, and the court will not repeat it in detail here. For a summary of the factual background in this action, *see In re Unisys Corp. Retiree Medical Benefits ERISA Litig.*, 837 F.Supp. 670, 672 (E.D.Pa.1993), *aff'd*, 61 F.3d 896 (3d Cir.1995).

3. The sub-class of Sperry retirees includes "[a]ll non-union retired, disabled and other eligible former employees and their spouses and dependents who as of November 3, 1992 were participants in or beneficiaries of the employee welfare benefit plans pursuant to which Unisys or its predecessor, Sperry Corporation, has provided medical benefits to former employees of Sperry Corporation (or any division or unit thereof) who retired, became disabled or otherwise became eligible on or before April 1, 1989." *In re Unisys*, 837 F.Supp. at 677 n. 10.

The sub-class of Burroughs retirees includes "[a]ll non-union retired, disabled and other eligible former employees and their spouses and dependents who as of November 3, 1992 were participants in or beneficiaries of the employee welfare benefit plans pursuant to which Unisys or its predecessor, Burroughs Corporation, has provided medical benefits to former employees of Burroughs Corporation (or any division or unit thereof) who retired, became disabled or otherwise became eligible on or before May 1, 1989." *Id.* at 676 n. 9.

The sub-class of Unisys retirees includes "[a]ll non-union retired, disabled and other eligible former employees and their spouses and dependents who as of November 3, 1992 were participants in or beneficiaries of the employee welfare benefit plans pursuant to which Unisys has provided medical benefits to former employees of Unisys who retired, became disabled or otherwise became eligible on or after April 2, 1989, in the case of former Sperry employees, and May 2, 1989, in the case of former Burroughs employees." *Id.* at 675 n. 8.

969, 1994 WL 284079, at *18–25 (E.D.Pa. June 23, 1994), *aff'd,* 58 F.3d 896, 901–06 (3d Cir.1995). On the equitable estoppel claims, this court granted Unisys' motion for summary judgment against all classes, 837 F.Supp. at 680–81, and this court's refusal to reinstate these claims was affirmed. 58 F.3d at 907–08.

On the breach of fiduciary duty claims, the court originally granted Unisys' motion for summary judgment. However, after trial of the Sperry retirees' contract claims, the court granted the Sperry retirees' motion to reinstate their fiduciary duty claims. *In re Unisys,* 1994 WL 284079, at *25–27. The Burroughs and Unisys retirees then moved to reinstate their breach of fiduciary duty claims. The court stayed all further proceedings on all three classes' breach of fiduciary duty claims pending the resolution of an interlocutory appeal of the Sperry reinstatement decision. The Third Circuit Court of Appeals affirmed the decision to reinstate the Sperry retirees' fiduciary claims, and the petition for writ of *certiorari* to the United States Supreme Court was denied. *In re Unisys Corp. Retiree Medical Benefits "ERISA" Litig.,* 57 F.3d 1255 (3d Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 1316, 134 L.Ed.2d 469, 470 (1996). This court then considered supplemental memoranda filed by the parties, and granted the Burroughs and Unisys retirees' motions for reinstatement of their breach of fiduciary duty claims. *In re Unisys Corp. Retiree Medical Benefits ERISA Litig.,* MDL 969, 1996 WL 455968 (E.D.Pa. Aug. 13, 1996).

In reinstating the Burroughs and Unisys retirees' breach of fiduciary duty claims, the court invited Unisys to file dispositive motions based on the statute of limitations and the relief available for any successful plaintiffs. *Id.* at *6. Unisys has done so in the form of the two motions for partial summary judgment now before the court. Also before the court is a motion by the Sperry retirees for summary judgment on their breach of fiduciary duty claims. This opinion addresses all three motions.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court's role is to determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party, with all reasonable inferences viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 255, 106 S.Ct. 2505, 2510–11, 2513–14, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating that no genuine issue of material fact exists, but if the non-moving party fails to produce sufficient evidence in connection with an essential element of a claim for which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## III. THE BREACH OF FIDUCIARY DUTY CLAIMS

The breach of fiduciary duty claims allege a violation of ERISA § 404(a):

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan.

29 U.S.C. § 1104(a)(1)(A). ERISA § 502(a)(3)(B) provides the retirees with a cause of action:

A civil action may be brought by a participant, beneficiary, or fiduciary to obtain other equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3)(B).[4]

In this action, the Third Circuit Court of Appeals has detailed the four elements the

---

4. In *Bixler v. Central Pa. Teamsters Health and Welfare Fund,* 12 F.3d 1292 (3d Cir.1993), the Third Circuit Court of Appeals held that direct

actions for breach of fiduciary duty are available to individual plan participants under § 1132(a)(3)(B). The Supreme Court has since

retirees must demonstrate in order to succeed on their breach of fiduciary duty claim: proof of fiduciary status, misrepresentations by the company, company knowledge of the confusion created, and resulting harm to the employees. *In re Unisys*, 57 F.3d at 1265. These elements will be discussed in more detail in section VII of this opinion.[5]

In addressing the arguments made regarding the retirees' breach of fiduciary duty claims, it is important to note that this court has already ruled that Unisys had a contractual right, under ERISA, both to use the reservation of rights language in the summary plan description ("SPD") and to terminate the old plans. The breach of fiduciary duty claims survive because Unisys had fiduciary responsibilities independent of its contractual responsibilities under the plan. *In re Unisys*, 57 F.3d at 1265. In affirming this court's reinstatement of the breach of fiduciary duty claims, the Court of Appeals for the Third Circuit explained:

> [S]atisfaction by an employer as plan administrator of its statutory disclosure obligations under ERISA does not foreclose the possibility that the plan administrator may nonetheless breach its fiduciary duty owed plan participants to communicate candidly, if the plan administrator simultaneously or subsequently makes material misrepresentations to those whom the duty of loyalty and prudence are owed.

*Id.* at 1264.[6] The breach of fiduciary duty claims are based not on the termination of the old plans, since the court has already held that the termination of the plans was not a breach of the company's fiduciary duty. *In re Unisys*, 837 F.Supp. at 679. Rather,

they rely on the misrepresentations about the lifetime benefits in the old plans. The court reinstated the claims because the retirees presented significant evidence that Unisys made repeated and pervasive representations that the medical benefits were "for life," without ever mentioning the reservation of rights clause, which allowed Unisys to terminate the plans at any time. The court will elaborate on the substance of the fiduciary claims as necessary throughout this opinion; however, the court will first address Unisys' motion for partial summary judgment based on the applicable statute of limitations.

## IV. STATUTE OF LIMITATIONS

ERISA contains an express statute of limitations for breach of fiduciary duty claims. Section 413 of ERISA provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation ... after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. This section creates a general limitations period of six years from

---

agreed with this conclusion. *Varity Corp. v. Howe*, —— U.S. ——, ——–——, 116 S.Ct. 1065, 1075–1079, 134 L.Ed.2d 130 (1996).

5. At this point, however, the court will take a moment to clear up a point of confusion about the number of elements in the Sperry retirees' claims. Unisys reads *In re Unisys*, 57 F.3d at 1265–66, to require three additional elements beyond the four listed above: evidence on the materiality of the misrepresentations, Unisys' awareness of their materiality, and the employees' reliance on the misrepresentations. This court agrees with the retirees that the Third Circuit's discussion of these issues did not set forth additional elements for the retirees to

prove. Rather, the court outlined the evidence supporting the four elements, and explained that the evidence of materiality and reliance sufficed to support the elements of the breach of fiduciary duty cause of action.

6. The recent decision by the court of appeals in *Ream v. Frey*, 107 F.3d 147 (3d Cir.1997) reaffirms this proposition. In that case, the court ruled that "it would be overly formalistic (and contrary to the explicit statutory directives in ERISA)" to hold a fiduciary's compliance with the terms of a plan necessitates a finding that the fiduciary satisfied its fiduciary duties. *Id.* at 154–55.

the breach of duty, shortened to three years in cases where the plaintiffs have actual knowledge, and extended to six years from the date of discovery in cases where the fiduciary used fraud or concealment. *Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir.1996). Unisys seeks to have this court grant summary judgment against all the Sperry retirees who retired before November 17, 1986 (six years before the first complaint by the Sperry retirees was filed), and against all the Burroughs retirees who retired before December 3, 1986 (six years before the first complaint by the Burroughs retirees was filed).

The court must resolve several issues regarding the application of the statute of limitations. The first is whether Unisys used fraud or concealment to hide its breach of fiduciary duty from the plaintiffs. If the court finds that there is a genuine factual dispute regarding whether Unisys used fraud or concealment to conceal a breach of fiduciary duty, Unisys' summary judgment motion must be denied, because the retirees filed suit within six years of the actual discovery of the breach.[7] If the court does not find fraud or concealment, I must next determine whether the case involves an action or an omission as defined in the statute. The third question is the date of the last action constituting a part of the breach or violation, or the latest date on which Unisys could have cured the breach or violation. Finally, the court must determine whether the statute of limitations should be equitably tolled given the circumstances of this case.

### A. Did Unisys use fraud and concealment?

The retirees contend that the proper statute of limitations for the court to apply is the final clause of § 1113, which states that a showing of fraud and concealment tolls the statute of limitations, giving the plaintiffs six years from the date of discovery of the breach in which to sue. This court finds no genuine factual dispute about the allegations of fraud, and holds that the "fraud or concealment" tolling provision does not apply in this case. The court has already held that there are "no substantiated allegations of fraud or bad faith on Unisys' part." *In re Unisys*, 837 F.Supp. at 680–81 (footnote omitted), and finds no reason to disturb that holding here.[8]

The Third Circuit Court of Appeals recently interpreted the "fraud or concealment" provision of § 1113, and held that the federal common law discovery rule now applies to ERISA breach of fiduciary duty claims. *Kurz*, 96 F.3d at 1552. "In other words, when a lawsuit has been delayed because the defendant itself has taken steps to hide its breach of fiduciary duty, the limitations period will run six years after the date of the claim's discovery." *Id.* (internal citation omitted). The *Kurz* opinion emphasized that "[t]he relevant question is ... not whether the complaint 'sounds in concealment,' but rather whether there is evidence that the defendant took *affirmative steps* to hide its breach of fiduciary duty." *Id.* (emphasis added).

There are two types of fraudulent "affirmative steps" that can toll § 1113. "Active concealment" refers to acts *distinct* from the original fraud that are intended to conceal the original fraud. *Wolin v. Smith Barney, Inc.*, 83 F.3d 847, 852 (7th Cir.1996). "Self-concealing" fraud refers to acts committed during the course of the original fraud that have the effect of concealing the fraud from its victims. *Id.* There has been no evidence that active concealment was involved in this case. The allegations of concealment for the

---

7. Unisys contends that some of the retirees' claims will be time-barred through the operation of the three-year statute of limitations which begins when a plaintiff has "actual knowledge" of the actions constituting the breach of fiduciary duty. Unisys does not contend that it has presented evidence allowing this court to make a class-wide finding of actual knowledge. Therefore, the court need not determine whether any of the plaintiffs are barred by the three-year statute of limitations.

8. Unisys asserts that the retirees' assertions of fraud and concealment were not pleaded with specificity as required by Federal Rule of Civil Procedure 9(b). Unisys Reply Mem. Supporting Partial Summ.Judg. on Claims of Sperry Retirees at 11 n. 4. The court has chosen to deal with the merits of the fraud allegation, but notes that lack of specificity as to the fraud allegations supports its decision on the merits.

purposes of tolling the statute of limitations are not independent of or distinct from the original misrepresentations that are the basis of the breach of fiduciary duty claim. Indeed, the gravamen of both the breach claim and the claim of fraud is that Unisys "concealed the true nature of the plans by knowingly and systematically misrepresenting the duration of [the lifetime] benefits." Mem. of Sperry Pltfs. in Opposition to Def.'s Mot. for Partial Summ.Judg., 13. Therefore, this court will address the claims of fraud and concealment only as allegations of self-concealing wrongs.

■ It should be noted that not all courts have accepted that self-concealing wrongs, as opposed to active and distinct concealment, can toll the statute of limitations under the fraud or concealment exception.[9] However, this court need not decide the question at this time, because even if the exception applies in cases of self-concealing wrongs, Unisys' actions do not reach the level of fraud or fraudulent concealment.

■ Regardless of whether the fraud alleged by a plaintiff involves active and independent concealment or a self-concealing breach of fiduciary duty, in order to find fraud or concealment under § 1113, "there must be actual concealment—i.e., some trick or contrivance intended to exclude suspicion and prevent inquiry." *Larson v. Northrop Corp.*, 21 F.3d 1164, 1173 (D.C.Cir.1994) (internal citations omitted). In this case, there has been no such trick or contrivance. The reservation of rights clause, published in the summary plan description ("SPD") which all participants received, explained the nature of the lifetime benefits. While this court and the court of appeals have concluded that compliance with SPD disclosure obligations does not relieve a company of its fiduciary duty to avoid confusing participants about

their benefits, this court will not hold that the truth about the "lifetime" benefits was concealed from participants when the information about the reservation of rights clause was unambiguously printed and distributed in the SPD.

The retirees ask the court to deny partial summary judgment, urging that there is at least a factual dispute regarding the allegations of fraud. To demonstrate the existence of such a dispute, the retirees have the burden of supplying this court with "sufficient evidence, not mere allegations" supporting their position, so that retirees could reasonably win on their position at trial. *Coolspring Stone Supply, Inc. v. American States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir.1993). In support of their allegations of a "trick or contrivance intended to exclude suspicion and prevent inquiry," plaintiffs have pointed to a letter from the mid–1980s from a consulting company which discusses the liabilities created by the old plans and the "implied promise" made regarding the benefits, and a set of correspondence between H.P. Seward and W.H. Beadle in 1970. Appendix to Unisys Motion, Exh. 8–9. These letters and other evidence of a similar vein (*see* Sperry Pltfs' Statement of Undisputed Facts, attached to Sperry Pltfs' Mot. for Summ. Judg., ¶¶ 66–82) may help the retirees establish a breach of fiduciary duty by showing that Unisys was aware of the materiality of the "lifetime" promise to the employees in making their retirement decisions. However, they reveal no trick, contrivance, or intent to deceive the plaintiffs about the existence of the published reservation of rights clause.

■ Other courts have refused to apply the fraud or concealment exception to § 1113 when the information a plan participant alleges has been concealed is actually readily

---

**9.** The *Kurz* opinion explicitly left the question undecided. 96 F.3d at 1552 n. 5. There is disagreement among the courts that have addressed the issue. *Compare J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1253 n. 9 (1st Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 81, 136 L.Ed.2d 39 (1996) (leaving the question open but implying it is likely to hold the exception will apply to self-concealing wrongs) *and Diduck v. Kaszycki & Sons Contractors, Inc.*, 874 F.2d 912, 919–20 (2d Cir.1989) (exception applies if fraud and concealment involved in the underlying breach), *with Radiology Center, S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1220 (7th Cir.1990) (concluding the exception refers only to active concealment to hide the breach, not to "the underlying nature of plaintiffs' claim"); *and Schaefer v. Arkansas Medical Soc.*, 853 F.2d 1487, 1491–92 (8th Cir. 1988) (only discussing active concealment in determining whether to apply fraud or concealment exception).

available to that person, and this court agrees with that conclusion. *See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255–60 (1st Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 81, 136 L.Ed.2d 39 (1996) (no fraud or concealment under § 1113 where alleged oral misrepresentations giving rise to breach of fiduciary duty claim were belied by information in written documents available to plaintiffs); *Wolin,* 83 F.3d at 854 (oral representations contradicting clear written statements cannot constitute fraudulent concealment under § 1113). It would be odd indeed to characterize the facts of this case as constituting fraud or concealment when the reservation of rights clause was included in the SPD, the very instrument designed by Congress for communicating the essential terms of a plan to participants. *See Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, ——, 115 S.Ct. 1223, 1230, 131 L.Ed.2d 94 (1995) (ERISA has an "elaborate scheme ... built around reliance on the face of written plan documents" to enable beneficiaries to learn their rights).

■ The reluctance of this and other courts to apply the fraud or concealment exception in cases where the SPD or other available documentation unambiguously reveals the true situation is consistent with the federal common law discovery rule. The discovery rule, as applied to this portion of § 1113, includes a requirement of "reasonable diligence" on the part of the plaintiffs. As the Court of Appeals for the Third Circuit has explained, "[t]he statute of limitations is tolled until the plaintiff in the exercise of *reasonable diligence discovered or should have discovered* the alleged fraud or concealment." *Kurz,* 96 F.3d at 1552 (emphasis added) (citations omitted); *see also Larson,* 21 F.3d at 1172 (application of fraud exception to § 1113 requires plaintiffs show that they "were not on actual or constructive notice of [the evidence of breach], despite ... their exercise of reasonable diligence.") (citations omitted). In this case, reasonable diligence on the part of the plaintiffs would have led to a discovery of the reservation of rights clause. While there was a breach of duty by Unisys in its misrepresentations about the lifetime guarantee, there is no genuine issue of material fact as to whether the misrepresentations reach the level of a trick or contrivance designed to prevent plan participants from learning the truth.

■ Unisys' 1992 decision to replace all pre-existing plans with the Unisys Post–Retirement and Extended Disability Plan ("the new plan") was the product of a number of factors. It was prompted in part by the issuance of Financial Accounting Standards Board Statement No. 106 ("FAS 106"), which would have created large liabilities on Unisys' financial statements. *In re Unisys,* 1994 WL 284079, at *3.[10] Unisys also terminated the old plans because of escalating medical costs and administrative costs of maintaining many different plans. There is no evidence that Unisys terminated the prior plans in furtherance of an intent to defraud the plaintiffs. The court of appeals has "accept[ed] Unisys' contention that at the time lifetime benefits were promised, no one at Sperry ever intended or anticipated that there would one day be the need to reduce or eliminate retiree medical benefits." *In re Unisys,* 57 F.3d at 1265 n. 15. While the retirees have shown misrepresentations by the company, they have not substantiated their allegations of fraud.[11] Therefore, this court will not

---

**10.** In an effort to make financial statements more accurately reflect the true liabilities of companies, FAS 106 required employers, beginning in fiscal year 1992, to "accrue an expense against current income for the expected future cost of post-retirement benefits and to recognize on its balance sheet a liability for unfunded benefit costs." *In re Unisys,* 1994 WL 284079, at *34 n. 7 (citations omitted).

**11.** Misrepresentations are generally considered fraudulent only if scienter is present. *See,* Restatement of Torts 2d § 526 (1976). Scienter "refers to a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193 n. 12, 96 S.Ct. 1375, 1381 n. 12, 47 L.Ed.2d 668 (1976). In some contexts, recklessness meets the standard for scienter. *See, e.g., In re Phillips Petroleum Securities Litig.,* 881 F.2d 1236, 1244 (3d Cir. 1989) (interpreting § 10(b) of the Securities Exchange Act). At oral argument, the retirees asked the court to find that Unisys' misrepresentations meet, if not the level of intentional deception, then at least the level of recklessness.

Because this issue was raised for the first time at oral argument and the parties have not briefed

apply the "fraud or concealment" tolling provision of the statute of limitations, and will look to § 1113(1) to decide the statute of limitations issue.

### B. Is the alleged breach an act or an omission?

■ Having concluded that subsection (1) of § 1113 applies to this case, the court must determine whether to apply § 1113(1)(A), which measures six years from the date of an act allegedly constituting a breach of fiduciary duty, or § 1113(1)(B), which measures six years from the last date on which the omission allegedly constituting a breach of fiduciary duty could have been cured. Because the court finds that the claims in this case are based on affirmative acts, the former measure is appropriate.

Unisys argues that this case is properly considered one of an omission because the breach of fiduciary claims were reinstated based on the Third Circuit's holding in *Bixler*. In *Bixler*, the court of appeals held that ERISA fiduciaries have an "affirmative duty to inform" when the fiduciary knows its silence might be harmful. 12 F.3d at 1300. Unisys argues that because the failure to allay the employees' confusion supports the fiduciary duty claim, the case is rightfully considered one of omission.

The court disagrees, and holds that this case is more accurately described as a case of affirmative acts rather than omissions. The breach of fiduciary duty claims by the retirees were reinstated based upon "a strong current in the Third Circuit that recognizes that an ERISA fiduciary may not 'affirmatively mislead' plan participants." *In re Unisys*, 1994 WL 284079 at *25 (citations omitted) (Sperry regular retirees); *see also In re Unisys*, 1996 WL 455968 at *6 (Burroughs and Unisys regular retirees). When the

Third Circuit Court of Appeals affirmed the reinstatement of the breach of fiduciary duty claims, it specifically rejected Unisys's description of the case as involving a "duty to remind," finding instead that the dispute was "more accurately characterized as a dispute over an employer's duty, as an ERISA fiduciary, not to misinform employees through material misrepresentations and incomplete, inconsistent or contradictory disclosures." *In re Unisys*, 57 F.3d at 1264.

This court found widespread affirmative misrepresentations in the case of the Sperry retirees:

> This is not a case where one or two low-level benefits counselors told a few retirees that their benefits would continue for life. The message that medical benefits would last for life was confirmed repeatedly and systematically throughout the Sperry organization, by all levels of management, in writing and verbally.

*In re Unisys*, 1994 WL 284079, at *25. In the case of the Burroughs and Unisys retirees, the court reinstated the fiduciary duty claims because Plaintiffs produced evidence that Unisys made affirmative and material misrepresentations to them as well. *In re Unisys*, 1996 WL 455968, at *6. This court's opinions focus primarily on affirmative acts of misrepresentation, and the court of appeals has included "misrepresentations" as a necessary element of each retiree's case. *In re Unisys*, 57 F.3d at 1265. The misrepresentations made in this case are more than omissions; they constitute affirmative conduct.

In truth, the breach alleged in this case involves both omissions and acts. Significant for this court's reinstatement of the fiduciary claims were *both*: "(1) the evidence of corporate management's awareness of confusion or

---

it, the court will not determine whether reckless misrepresentations can satisfy fraud's scienter requirement in the context of an ERISA breach of fiduciary duty. Regardless of the answer to this question, the court has no factual basis on which to find the company's misrepresentations reckless. The retirees have presented no evidence that at the time the misrepresentations were made, anyone at Unisys either knew there was no basis for the representations or ignored an obvious danger of misleading the retirees. *Cf.*

Restatement of Torts 2d § 526(b–c) (recklessness means making statements with either no confidence in their accuracy or with knowledge that there is no basis for them); *In re Phillips Petroleum*, 881 F.2d at 1244 (fraudulent misrepresentation encompasses "an extreme departure from the standards of ordinary care, ... which presents a danger of misleading ... that is either known ... or is so obvious that the actor must have been aware of it.") (citations omitted).

at least the potential for confusion regarding the permanency of health benefits after retirement; and (2) corporate management's exacerbation of this confusion through informal communications which failed to clarify the limits of the coverage." *In re Unisys,* 1996 WL 455968, at \*2. The first phrase implies an omission, the second an affirmative act. The court of appeals highlighted the dual nature of the breach alleged:

> Our decisions in *Bixler, Fischer* [*v. Philadelphia Elec. Co.,* 994 F.2d 130 (3d Cir. 1993)] *Curcio* [*v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226 (3d Cir.1994)] and *Smith* [*v. Hartford Ins. Group,* 6 F.3d 131 (3d Cir.1993)] firmly establish that when a plan administrator affirmatively misrepresents the terms of a plan *or* fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries.

*In re Unisys,* 57 F.3d at 1264 (emphasis added). However, the court finds that the emphasis of the discussion has been on Unisys' wrongful actions rather than its omissions. This court and the court of appeals have allowed this breach of fiduciary duty action to proceed largely because Unisys "actively and affirmatively, systematically misinformed its employees." *Id.* at 1266. Therefore, the court will apply the statute of limitations in § 1113(1)(A) and look to the date of the last act constituting part of the breach.

### C. What is the date of the last act constituting part of the breach?

■ Plaintiffs contend that the date of the last action constituting part of the alleged breach occurred in 1992, when Unisys acted contrary to its misrepresentations and terminated the old benefit plans. According to Plaintiffs, the resulting harm in this case did not take place until the old plans were terminated, so the cause of action did not accrue

until then. In response to Unisys' argument that the last date constituting part of the breach was the date each plaintiff retired, the retirees point out that the date of the last "action constituting part of the breach or violation" refers to an action taken by the party committing the breach, not to actions taken by the victims of the breach.

The court disagrees with the retirees, and holds that the last action constituting part of the breach of fiduciary duty took place on the date that each plaintiff retired. This decision does not imply that the act of retirement is part of the breach. Rather, I am holding that Unisys' last action constituting part of the breach of fiduciary duty owed to any individual employee was complete on the date that employee chose to retire. The last misrepresentation about "for life" benefits which could have affected an employee's decision to retire must have occurred on or before the date that employee retired.[12]

The retirees contend that even if the breaching action by the Company was complete on the date of each employee's retirement, the statute of limitations does not begin to run until all the elements of a cause of action for the breach of fiduciary duty claim, including resulting harm, are present. Retirees claim that the resulting harm did not occur until the termination of the plan.

The retirees are wrong for two reasons. First, they misunderstand what the resulting harm is in this case. Second, the case law on this section of the ERISA statute convinces the court that the plaintiff need not feel injury from the breach in order for the six-year statute to begin running.

■ The resulting harm in this case is not the termination of the old plans and the loss of benefits in 1992. The decision to terminate the old plans was not fiduciary conduct, and cannot be part of the breach of fiduciary duty. *See Curtiss–Wright,* 514 U.S. at ——, 115 S.Ct. at 1228 (employers and other plan sponsors do not act in a fiduciary

---

12. The court has ruled that the breach alleged is an action rather than an omission. However, a determination that the case is about omissions would lead to the same conclusion about the date the statute of limitations began to run. If the omission was Unisys's failure to correct an employee's misunderstanding of the lifetime guarantee, then the last date on which Unisys could have cured the breach was the day that employee retired thinking that his or her benefits were irrevocable "for life."

capacity when they amend or terminate a welfare benefits plan). Instead, the breach of fiduciary duty claim arises from misrepresentations about lifetime benefits, misrepresentations which may have caused plaintiffs to retire earlier than they would have if they had understood that their benefits might not be for life. Moreover, the loss of benefits to the retirees cannot be the "resulting harm" of the breach of fiduciary duty because the misrepresentations neither caused nor resulted in the loss of the benefits. The benefits were lost because of a non-fiduciary decision by Unisys to terminate the plans. The plan would have been terminated regardless of whether the misrepresentations had occurred; the breach of fiduciary duty involved was not the "but-for" cause or even a substantial factor in the decision to terminate the old plans. *Cf. Hein v. Federal Deposit Insurance Corp.,* 88 F.3d 210, 224 (3d Cir. 1996), *cert. denied sub nom. Hein v. McNeil,* — U.S. —, 117 S.Ct. 683, 136 L.Ed.2d 608 (1997) ("causal link" between alleged breach of fiduciary duty and denial of benefits is required to support claim for the benefits). In this case, the resulting harm of the breach is that many employees may have chosen to work for an additional amount of time if they had known that their "lifetime" benefits were actually revocable.

■ Second, even if the resulting harm in this case were not felt until the 1992 change in benefit plans, this court would still find that the limitations period began on the date each plaintiff retired. Section 1113(1)(A)'s statute of limitations begins to run before the victim of a breach of fiduciary duty incurs any financial injury. In *Ziegler v. Connecticut General Life Ins. Co.,* 916 F.2d 548, 551–52 (9th Cir.1990), the Ninth Circuit Court of Appeals specifically held that actual financial harm need not occur for a breach of fiduciary duty cause of action to accrue. In *Ziegler,* the defendant executed an investment agreement containing provisions which allegedly violated its fiduciary duties. The court rejected plaintiffs' assertion that the harm from the breach was merely theoretical until a later distribution was made, an assertion similar to the one made by the retirees in this case. Pointing out that "Congress intended to make fiduciaries culpable for cer-

tain ERISA violations even in the absence of actual injury to a plan or participant," the court held that the cause of action accrued when the challenged contract was executed, not when its consequences were felt by the plaintiffs. *Id.* at 551. The Court of Appeals for the District of Columbia Circuit has reached the same conclusion, ruling that § 1113(1)(A)'s statute of limitations begins to run on the date when "there [is] no further action left to be taken by way of completing the alleged breach." *Larson,* 21 F.3d at 1171. The *Larson* court found the last action constituting part of the purported breach of fiduciary duty occurred when the defendant purchased an allegedly deficient annuity contract to substitute for a terminated benefits plan, not years later when the plaintiff was denied promised benefits. *Id.* at 1169, 1171.

In this circuit, precedent convinces me that the Third Circuit Court of Appeals would agree with the Ninth and District of Columbia Circuits. In *Gluck v. Unisys Corp.,* 960 F.2d 1168 (3d Cir.1992) and *International Union of Electronic, Electric, Salaried, Machine and Furniture Workers, AFL–CIO v. Murata Erie North America, Inc.,* 980 F.2d 889 (3d Cir.1992), the court of appeals was presented with plan sponsors who had amended their pension plans in manners allegedly violative of their fiduciary duties under ERISA. In both cases, after the plans were amended, the defendants took subsequent steps that caused a transfer of assets claimed by the plan participants. In both cases, the court held that § 1113(1)(A)'s statute of limitations began to run on the date that the plans were impermissibly amended, not the date when the assets were transferred away from the plan participants. *Murata,* 980 F.2d at 900; *Gluck,* 960 F.2d at 1178.

■ The *Gluck* and *Murata* opinions reveal that for purposes of the statute of limitations, the last action constituting part of the breach or violation occurs not on the date the harm is felt by the plan or its participants, but on the date the breach was complete. Plaintiffs need not suffer harm in the form of denied or reduced benefits in order for the cause of action to accrue. In this case, the

court has held that the termination of the plans in 1992 was not fiduciary conduct and was not a part of the alleged breach of fiduciary duty; the breach of duty consisted of misrepresentations about the permanency of the "lifetime" benefits. Therefore, the last date on which Unisys completed its alleged breach of fiduciary duty to an employee was the date it allowed that employee to retire thinking that the guarantee of lifetime benefits could not be changed.

### D. Is the statute of limitations equitably tolled?

■ Finally, the retirees believe that even if their claims accrued on the date that each of them retired, the common-law doctrine of equitable tolling prevents their claims from being time-barred. "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994) (citation omitted). The doctrine is based on the equitable principle that, having unfairly lulled a plaintiff into inaction, a defendant may not profit from such wrongful conduct by invoking the statute of limitations defense. *LaVallee Northside Civic Ass'n v. Coastal Zone Management,* 866 F.2d 616, 625 (3d Cir.1989). Plaintiffs urge that the policy interests behind equitable tolling are present in this case. For example, this is not a case of plaintiffs sitting on their rights; the retirees sued within weeks of learning about the change in benefit plans. Furthermore, failure to toll the statute of limitations means that the retirees were required to sue while Unisys' misrepresentations were ongoing and before the retirees felt injury. Plaintiffs' strong arguments notwithstanding, this court finds that equitable tolling is not available in this case.

While federal statutes of limitations are generally subject to equitable tolling, Congress is free to supplant the common-law doctrine by providing otherwise in the statute. *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990). The retirees present valid policy arguments in favor of tolling the statute in this case. However, at least one court has found that Congress considered arguments such as those of the retirees, and provided for those concerns by enacting the "fraud and concealment" provision into the law. In *Larson v. Northrop Corp.* 21 F.3d 1164, 1171 (D.C.Cir.1994), the District of Columbia Circuit Court of Appeals was unable to find any relevant legislative history reflecting Congress' intent respecting § 1113. Endeavoring to determine Congressional intent, the court noted that the statute expressly includes a tolling-until-discovery rule in cases of fraud or concealment, "indicat[ing] that Congress had the discovery rule fully in mind but was deliberately omitting it from § 1113(1)(A)." *Id.* at 1172. The court held that § 1113 reflects a Congressional judgment that equitable tolling is not available to plaintiffs suing for an ERISA breach of fiduciary duty:

> We recognize that isolated situations can be imagined where it could seem harsh to penalize a beneficiary for not suing within six years: for example, . . . the beneficiary might not have discovered the breach within the six years. However, the special provision Congress made elsewhere in § 1113 for fraud or concealment . . . provides amelioration in the worst cases while, at the same time, indicating that Congress meant to toll the statute only in instances of fraud or concealment. . . . That the limitations period in § 1113(1)(a) is six years . . . suggests a judgment by Congress that when six years has passed after a breach or violation, and no fraud or concealment occurs, the value of repose will trump other interests, such as a plaintiff's right to seek a remedy.

*Id.* at 1171–72 (footnote omitted). Other courts have expressed doubt about equitable tolling's application to § 1113. *See Wolin v. Smith Barney, Inc.,* 83 F.3d 847, 850 (7th Cir.1996) ("The explanation [for the explicit inclusion of a discovery rule only in cases or fraud or concealment] may be that Congress decided to substitute a fixed period of years for the open-ended judge-made doctrines of fraudulent concealment and equitable estop-

pel, thus promoting (as in statutes of repose) certainty of legal obligation.") [13]

This court finds the reasoning of *Larson* persuasive, and agrees with the Court of Appeals for the D.C. Circuit that equitable tolling is not available under § 1113. As the *Larson* opinion explained, the Supreme Court has addressed the question of Congressional intent to supplant equitable tolling in a situation analogous to the ERISA context. *Larson*, 21 F.3d at 1174. In *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 360–62, 111 S.Ct. 2773, 2780–82, 115 L.Ed.2d 321 (1991), a securities case, the Court first determined that § 9(e) and § 18(c) of the Securities and Exchange Act of 1934 were the applicable statutes of limitation for private suits brought pursuant to § 10(b) of that act and several of its regulations. Turning to the plaintiffs' contention that equitable tolling should apply to the statute, the Court examined what it called the "1–and–3–year structure" of the two limitations periods, which provide that suits must be brought within one year of the discovery of the facts constituting the violation and within three years of the violation itself. *Id.* at 361, 111 S.Ct. at 2781.[14] The Court held that equitable tolling would be inconsistent with the structure of the statute of limitations:

The 1–year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary. The 3–year limit is a period of repose inconsistent with tolling. . . . Because the purpose of the 3–year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period.

*Id.* at 363, 111 S.Ct. at 2782.

This court agrees with *Larson* that *Lampf Pleva's* reasoning prevents equitable tolling in ERISA breach of fiduciary duty cases. Section 1113 of ERISA has a 3–and–6–year structure similar to the 1–and–3–year structure of §§ 9(e) and 18(c) of the Securities and Exchange Act, and it seems sensible that the six-year limitation was meant as an outer limit. Furthermore, as *Larson* recognizes, § 1113 provides an additional protection to plaintiffs that §§ 9(e) and 18(c) of the securities law do not, an exception to the limitations period in cases of fraud or concealment. *Larson*, 21 F.3d at 1175. The explicit inclusion of that exception, combined with the structure of the statute, convinces this court that the statute should only be tolled in cases of fraud or concealment. The court has already found that Unisys cannot reasonably be found to have engaged in fraud and concealment; therefore the limitations period cannot be tolled.[15] The claims of those plain-

---

**13.** It should be noted that what is referred to in the Seventh Circuit as "equitable estoppel" is the same doctrine referred to in this circuit as "equitable tolling." *Oshiver*, 38 F.3d at 1389 n. 7. Equitable tolling ("equitable estoppel" in the Seventh Circuit) refers, at least in the context of this case, to a doctrine tolling the statute of limitations where a plaintiff's delay is due to active deception by a defendant.

The Court of Appeals for the Seventh Circuit has a different use for the term "equitable tolling." As used in that circuit, "equitable tolling" describes the doctrine of tolling the limitations period in cases where constructive knowledge activates the statute of limitations, but defendants have perpetrated a self-concealing wrong which the plaintiffs could not discover with reasonable diligence. This concept does not apply to ERISA breach of fiduciary duty cases because § 1113(2) makes it unnecessary—the statute requires actual, not merely constructive, knowledge of the breach in order to commence the three year statute of limitations. *Wolin*, 83 F.3d at 853; *see Gluck*, 960 F.2d at 1177–78.

**14.** Section 9(e) states in part:

No action shall be maintained to enforce any liability created under this section, unless brought within one year after the discovery of the facts constituting the violation and within three years after such violation.

15 U.S.C. § 78i(e). Section 18(c) uses similar language:

No action shall be maintained to enforce any liability created under this section unless brought within one year after the discovery of the facts constituting the cause of action and within three years after such cause of action accrued.

15 U.S.C. § 78r(c).

**15.** Even if the doctrine of equitable tolling were applicable to ERISA breach of fiduciary duty actions, the court would not apply the doctrine to this case. In this circuit, there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiffs respecting their cause of action; (2) where the plaintiffs have in an extraordinary way been prevented from asserting their rights; or (3) where plaintiffs have timely asserted their rights but in

tiffs who retired more than six years before the first action in this case was filed are time-barred.

## V. RETIREES WHO CANNOT PROVE AN ESSENTIAL ELEMENT OF THEIR CLAIMS

In addition to its statute of limitations arguments, Unisys asks this court to grant summary judgment against all retirees who Unisys contends will not be able to prove all four elements of their claim. Specifically, Unisys asserts that plaintiffs who retired before "lifetime" medical benefits were offered in their divisions, those who retired when the company still enforced a mandatory retirement age of 65, and those who left their company's employ involuntarily because of disability, layoffs, or other reasons cannot prove an essential element of their claim.[16] These plaintiffs cannot prove that the breach of fiduciary duty led them to retire earlier than they otherwise would have. Therefore, Unisys argues, they cannot demonstrate the "resulting harm" required for a breach of fiduciary duty claim, and summary judgment should be entered against them.

Plaintiffs have responded to Unisys' argument by providing a host of affidavits from retirees who allegedly made important decisions based on the "lifetime" misrepresentations. For example, some members of the class declined other employment opportunities based on their reliance on the representations of lifetime benefits, others chose to forego the opportunity to purchase supplemental health insurance for themselves or their spouses, and others made financial decisions for their retirement based on the lifetime representations. *See, e.g.* Declaration of James Moha, Sperry Pltf. Exh. O, ¶ 8, Append. to Sperry Pltf.Mem. in Opp. to Partial Summ.Judg. (did not participate in other health plans); Declaration of Philip Desilets, Sperry Pltf. Exh. F, ¶ 9, Append. to Sperry Pltf.Mem. in Opp. to Partial Summ.Judg. (created a post-retirement budget based on misrepresentations, and if not for misrepresentations would have secured other employment after laid off from Sperry). Many of the retirees are now too old to obtain supplemental insurance or to work. Plaintiffs argue that the retirees who made decisions beyond the one to retire based on Unisys' misrepresentations can show the resulting harm required to succeed on a breach of fiduciary duty claim. Plaintiffs also remind the court that Unisys was not free to mislead any plan participant, whether active employee or retiree.

The issue for this court, then, is whether the "harm" suffered by the retirees who made decisions other than the one to retire based on Unisys' misrepresentations is the type of "resulting harm" capable of supporting a breach of fiduciary duty claim in the context of this case. Thus far in this case, the "harm" considered actionable by this court and the court of appeals has been the

---

the wrong forum. *Oshiver*, 38 F.3d at 1387. (citations omitted). The first situation is the closest fit to this case. Unisys' misrepresentations may have "lulled the plaintiff[s] into foregoing prompt attempts to vindicate [their] rights." *Id.* (citations omitted). However, unlike most of the cases in which equitable tolling has been applied, this case does not involve fraudulent or pretextual statements by Unisys. If it did, the statutory six year tolling for fraud or concealment would apply. Attempting to apply the doctrine of equitable tolling to the facts of this case reveals that the doctrine does not make sense in connection with § 1113: by including a six year tolling period for fraud or concealment, the statute already provides tolling in the majority of cases in which equitable tolling would actually apply.

**16.** Most of the retirees addressed in Unisys' argument in this regard are also plaintiffs who retired more than six years before the first lawsuits in this case were filed. For example, until the Age Discrimination in Employment Act ("ADEA") was enacted, Sperry required all its employees to retire by age 65. In response to the ADEA's prohibition of involuntary retirement based on age, 29 U.S.C. § 623(f)(2), Sperry eliminated its mandatory retirement age in 1979. (Affidavit of Jay W. Brubaker, Def. Exh. 7, ¶ 4, Def.Append. to Mot. for Partial Summ.Judg. on Claims of Sperry Retirees). Plaintiffs who retired when the mandatory retirement age was 65 would by necessity also fall into the category of plaintiffs who retired more than six years before the first suits were filed in this case. Therefore, the court has already held that many of these claims are time-barred. Nevertheless, the court proceeds with the analysis to cover those plaintiffs who allegedly cannot prove an element of their claims but who are not time-barred.

decision, made without full information, to retire:

> Unisys had knowledge that its employees believed the assurances of lifetime benefits they had been given and were making *retirement decisions* based on their understanding [that the benefits would be stable for life].... Unisys' executives were aware that the lifetime medical benefit was an important consideration for employees who were considering *when to retire.* This evidence established that the company knew that employees *accelerated their retirement plans* because of the belief that by retiring at a certain point in time, they would· "lock in" the lifetime coverage that they had under the current plan.... Unisys was aware of the fact that retirees were *electing to retire* based on this understanding....

*In re Unisys.* 57 F.3d at 1266 (emphasis added). The court of appeals used similar language in *Fischer v. Philadelphia Electric Co.,* 994 F.2d 130 (3d Cir.), *cert. denied,* 510 U.S. 1020, 114 S.Ct. 622, 126 L.Ed.2d 586 (1993), in which it held that a plan administrator breaches its fiduciary duty under ERISA if it makes material misrepresentations to plan participants about proposed changes to benefit plans. The court stated that a misrepresentation would be considered "material" only if there was a "substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision *about if and when to retire.*" *Id.* at 135 (emphasis added).

More than the court's choice of phrase guides this decision. To allow retirees who did not retire based on the lifetime language to maintain a breach of fiduciary duty in this case would subvert the holdings of this court and the court of appeals in this case. Adoption of the retirees' position would resurrect the claim for equitable estoppel, which this court has previously rejected and has refused to reinstate. *In re Unisys,* 837 F.Supp. at 680–81; *In re Unisys,* 1994 WL 284079, at *28, *aff'd,* 58 F.3d at 907–08. There simply has been no mention by either this court or the court of appeals that the fiduciary duties implicated in this case arise in connection with decisions other than the one about when to retire.

This court originally granted summary judgment on the retirees' breach of fiduciary duty claims. I reinstated them because of a window opened by the Third Circuit Court of Appeals in *Bixler v. Central Pennsylvania Teamsters Health and Welfare Fund,* 12 F.3d 1292 (3d Cir.1993). In that case, the court of appeals recognized a. direct cause of action under 29 U.S.C. § 1132(a)(3)(B) for breach of fiduciary duty when a plan administrator failed to advise the plaintiff, a widow of a plan participant, of information concerning COBRA election ·rights which may have been material to her decisions regarding whether to exercise those rights. *Id.* at 1302. The court of appeals found evidence that the employer knew that the widow had substantial unpaid medical expenses and that she could have received reimbursement for those expenses by signing and returning a COBRA notice her husband had received. *Id.* While the employer did not lie to the widow about the availability of the benefits, it did fail to convey the information to her when she contacted it about another issue. The widow then failed to elect to continue her medical coverage under COBRA. The court of appeals held that the employer may have breached its fiduciary duty by not providing full information that the employer had reason to know would be material to the plaintiff's decisions. *Id.* at 1302–03.

This court, believing that the reasoning of *Bixler* and other recent appellate decisions might support the retirees' claims for breach of fiduciary duty, reinstated the Sperry regular retirees' breach of fiduciary duty claims. However, I certified the case for interlocutory appeal because of the "uncertainty of the contours of *Bixler.*" *In re Unisys,* 1994 WL 284079, at *27. When the court of appeals affirmed the reinstatement of the fiduciary claims, that court confronted two governing principles of ERISA cases. The first is the "well-established policy disfavoring informal plan amendments." *In re Unisys,* 57 F.3d at 1264. The second is the paramount importance of the summary plan description ("SPD") as the primary means of informing plan participants of the terms of their benefit

plans. *See Curtiss–Wright,* 514 U.S. at ——, 115 S.Ct. at 1230 (emphasizing the importance of SPDs for communicating essential elements of the plan to participants). The court of appeals expanded its ruling in *Bixler* because of the extraordinary history of misrepresentations in this case, but it was careful to emphasize that it was not creating a "precedent for any beneficiary to make claims beyond those provided in a plan." *In re Unisys,* 57 F.3d at 1265 (citation omitted). In discussing the evidence of resulting harm in this case, the court relied solely on the · evidence that the misrepresentations "influenced [plaintiffs'] decisions to retire," *Id.* at 1266; it did not imply that other types of harm would support breach of fiduciary duty claims.

In allowing the breach of fiduciary claims to go forward, this court and the Court of Appeals for the Third Circuit have essentially held that reliance by the employees on the misrepresentations of Unisys, while not "reasonable reliance" for purposes of a claim of equitable estoppel, can still support a claim for breach of fiduciary duty. In a sense, the rulings in this case excuse the plan participants from their failure to read their summary plan documents in the limited context of making the retirement decision: because of the breach of duty, the employees may have retired earlier than they otherwise would have, and even if their reliance on the misrepresentations was not reasonable, the reliance supports a breach of fiduciary duty claim because it was at least partially the fault of Unisys.

The "unreasonable" reliance excused here is narrow, and supports a breach of fiduciary duty claim only in certain limited circumstances—in this case, where the employees retired earlier than they might have had they not been misled by the lifetime misrepresentations. This court believes that expanding the concept of "resulting harm" in this case to the types of reliance alleged in the retirees' affidavits would create an unjustified expansion of the narrow holdings of this court, and would by indirection reinstate the claims for equitable estoppel.

Plaintiffs rely on *In re Unisys Savings Plan Litigation,* 74 F.3d 420 (3d Cir.), *cert denied sub nom. Unisys Corp. v. Meinhardt,* —— U.S. ——, 117 S.Ct. 56, 136 L.Ed.2d 19 (1996), and *Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226 (3d Cir.1994) in support of their arguments that breach of fiduciary duty claims can proceed where plan participants rely on incomplete or inaccurate representations from plan administrators to make decisions about investments or insurance coverage. These cases are distinguishable for two important reasons. First, unlike the retirees in this case, the plaintiffs in *Curcio* and *Unisys Savings Plan* did not have available SPDs which unambiguously provided the material information. For the *Curcio* and *Unisys Savings Plan* plaintiffs, a careful reading of the SPD by the average plan participant would not have revealed the material information. *Curcio,* 33 F.3d at 236–37; *Unisys Savings Plan,* 74 F.3d at 431, 447.[17]

Second, and more importantly, in *Curcio* and *Unisys Savings Plan* the nexus between the misrepresentations and the reliance was close. The Curcios did not purchase insurance (and then did not have enough insurance) because they relied on misrepresentations about insurance policies the Curcios already had; the Unisys Savings Plan participants alleged that they made poor investment decisions (and then lost money on their investments) because they relied on the defendant's silence regarding material investment risks. These cases are consistent with the decision by this court that there is a close nexus between Unisys' misrepresentations about lifetime benefits and Plaintiffs' reliance on those representations in determining when to retire (and then retiring earlier than they would have in the absence of misrepresentations). However, the nexus between Unisys' misrepresentations about the duration of the lifetime benefits guarantee and

---

**17.** In fact, the court of appeals in *Curcio* entered summary judgment for the plaintiff on an equitable estoppel theory. The reliance of plaintiff on the company's inaccurate representations was therefore reasonable. By contrast, in this case, the retirees' estoppel claims were denied because the retirees' reliance on the lifetime promises, in the face of unambiguous SPDs, was not reasonable.

the other types of reliance presented to the court, such as forsaken opportunities for insurance, employment, and investment, is not as close. This nexus, while it might suffice as reliance in an equitable estoppel claim, is simply too tenuous to constitute the resulting harm in a breach of fiduciary duty claim. The misrepresentations must be material ones; the harm must flow directly from the breach. The court of appeals has held that "[i]n the present context, a misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed retirement decision." *In re Unisys*, 57 F.3d at 1264. Given the facts of this case, this court will not expand the concept of materiality to include other types of reliance beyond the decision to retire.

## VI. EQUITABLE REMEDIES

Unisys has moved for summary judgment against all retirees "insofar as they seek restitution or specific performance in the form of vested medical benefits." Def. Mot. Partial Summ.Judg. on Claims of Sperry Regular Retirees ¶ 4; Def. Mot. Partial Summ.Judg. on Claims of Burroughs and Unisys Regular Retirees ¶ 3. The parties have fully briefed and argued the issue of what equitable remedies are properly available to the retirees who remain in the class and who prove all the elements of their breach of fiduciary duty claims. The court will address equitable remedies in a separate opinion. *Defendant's Motions for Partial Summary Judgment regarding the equitable remedies available in this case are therefore deferred.*

## VII. SPERRY RETIREES' MOTION FOR SUMMARY JUDGMENT

 As stated earlier in this opinion, the Court of Appeals for the Third Circuit has established four elements for each plaintiff to prove in order to succeed on his or her breach of fiduciary duty claim: proof of fiduciary status, misrepresentations, company knowledge of the confusion, and resulting harm to the plaintiff. The Sperry retirees have moved for summary judgment, asking the court to hold that there is no genuine

factual dispute preventing the legal conclusion that the Sperry retirees have proved all four elements of their claims.

When this court reinstated the Sperry plaintiffs' breach of fiduciary duty claims, I explained that they had not been directly before the court during the trial of the contract and equitable estoppel claims. I did not hold that each plaintiff had proved his claim of breach of fiduciary duty; in fact, in granting reconsideration of them, I held:

> [B]ecause some plaintiffs have stronger cases than others based on their specific inquiries and the information given to them personally, the court finds that subclasses, and possibly even individual hearings, will be necessary to adjudicate these claims.

*In re Unisys*, 1994 WL 284079, at *27.

Because at least one element of the claims, resulting harm, has not been proved on a class-wide basis, summary judgment cannot be entered for the Sperry plaintiffs. As has been discussed throughout this opinion, the harm contemplated by this court is a retiree's premature decision to retire based on a false sense of the security of the lifetime benefits promised by Unisys. The court finds that there is a genuine factual dispute about how many of the retirees actually suffered this type of harm. Additional discovery and hearings will be necessary to determine the extent of the reliance by and resulting harm to the retirees.

For the purpose of guiding the future discovery and proceedings, the court notes that the first element of the claims, proof of fiduciary status, has been established on a class-wide basis. The court of appeals has held:

> There is no question that both Sperry and later Unisys were acting as plan administrators, and thus were acting in a fiduciary capacity, when they made the material misrepresentations that support the claim for breach of fiduciary duty in this case.

*In re Unisys*, 57 F.3d at 1261 n. 10. The second element, company misrepresentations, has also been proved on a class-wide

basis for all Sperry retirees.[18] This court found, and the court of appeals agreed, that Unisys "both actively and affirmatively, systematically misinformed its employees about the duration of their benefits." *Id.* at 1266. There is no genuine factual dispute that the retirees all heard or read, at least once, the lifetime benefit language.

The Sperry retirees' Motion for Summary Judgment is denied.

## VIII. CONCLUSION

As this court has previously observed, this case comes at time when our country is grappling with the cost of medical care. This case arose because Unisys was faced with revised accounting standards, a more competitive global market, an increase in longevity, and rising health care costs. In the future, a case like this is unlikely to arise not only because employers will be more careful about communicating the nature and impact of reservation of rights clauses to their employees, but also because employers can no longer afford to offer the type of lifetime benefits which Unisys once provided.

The retirees in this litigation are individuals who worked, in some cases, for thirty or forty years for an employer in whom they placed great trust. The corporations which are defendants in this case provided generous medical benefits and would probably have continued to do so if costs had not so escalated and if accounting rules had not changed. This court has been faced with a case in which there is no villain, and a case in which both sides will suffer serious financial loss if they do not prevail. Faced with this difficult situation, a careful study of the text and case law of ERISA convinces the court that the statute of limitations bars the claims of many of the retirees, and that many of the retirees cannot demonstrate the resulting harm required to maintain a breach of fiduciary duty claim.

An appropriate order follows.

18. This conclusion does not apply to those plaintiffs who retired before "lifetime" language was used in their division. The court has granted

## ORDER

AND NOW, this 10th day of March, 1997, upon consideration of the following motions and the opposition thereto: (1) Defendant Unisys Corporation's Motion for Partial Summary Judgment on Breach of Fiduciary Duty Claims of Sperry Regular Retirees; (2) Defendant Unisys Corporation's Motion for Partial Summary Judgment on Breach of Fiduciary Duty Claims of the Burroughs and Unisys Regular Retirees; and (3) Plaintiff Sperry Regular Retirees' Motion for Summary Judgment; IT IS ORDERED as follows:

1. Summary Judgment is GRANTED in favor of Unisys on the claims of all Sperry regular retirees who retired before November 17, 1986, six years before the first lawsuits were filed by the Sperry retirees.

2. Summary Judgment is GRANTED in favor of Unisys on the claims of all Sperry regular retirees who retired before lifetime medical benefits were offered in their operating division.

3. Summary Judgment is GRANTED in favor of Unisys on the claims of all Sperry regular retirees whose employment with Sperry ended involuntarily as a result of being laid off, fired or disabled before they retired, or as a result of being forced to retire at age 65 pursuant to Sperry's then-lawful mandatory retirement age.

4. Summary Judgment is GRANTED in favor of Unisys on the claims of all Burroughs regular retirees who retired before December 3, 1986, six years before the first lawsuits were filed by the Burroughs retirees.

5. Summary Judgment is GRANTED in favor of Unisys on the claims of all Burroughs and Unisys regular retirees whose employment with Burroughs or Unisys ended involuntarily as a result of being laid off, fired or disabled before they retired, or as a result of being forced to retire at age 65 pursuant to Burroughs' then-lawful mandatory retirement age.

6. The Sperry Regular Retirees' Motion for Summary Judgment is DENIED.

summary judgment for Unisys against all retirees who retired before the misrepresentations were made to them.

7. Unisys shall provide the attorneys representing the Sperry, Burroughs and Unisys retirees with a list of those retirees affected by this Order within fourteen (14) days of the date of this Order. Counsel for the Sperry, Burroughs and Unisys retirees shall then have fourteen (14) days to review that list and raise any objections to the accuracy of the list with Unisys. The parties shall then make their best efforts to resolve any disputes regarding the list, and shall submit an agreed-upon list, as well as a list of disputed retirees, to the Court no later than April 21, 1997.