## In re UNISYS CORPORATION RETIREE MEDICAL BENEFITS LITIGATION.

### MDL No. 969.

United States District Court,
E.D. Pennsylvania,
Philadelphia Division.

Sept. 22, 1999.

---

---

## MEMORANDUM & ORDER

KAUFFMAN, District Judge.

Before the Court are Plaintiffs' Motion to Certify Interlocutory Appeal of Order Dated March 10, 1997 (docket # 261), the Response of Defendant Unisys Corporation (docket # 264), and Plaintiffs' Reply Memorandum in Further Support of Motion to Certify Appeal of Order Dated March 10, 1997 (docket # 266). For the reasons set forth below, Plaintiff's Motion to Certify Interlocutory Appeal of Order Dated March 10, 1997 will be granted.

### BACKGROUND

In September 1986, Sperry Corporation and Burroughs Corporation merged to form Unisys Corporation. Before the merger, Sperry and Burroughs had provided their retiring employees with post-retirement medical coverage at little or no cost to the retiree. After the merger, Unisys continued the pre-existing medical benefit plans ("the predecessor plans") for Sperry and Burroughs retirees. In 1989, Unisys created the Post–Retirement and Extended Disability Medical Plan ("the old plan") to cover all employees who retired after April 1, 1989, most of whom were former Sperry and Burroughs employees. The predecessor plans continued to cover former employees who had retired before April 2, 1989. On January 1, 1993, Unisys terminated both the predecessor plans and the old plan and replaced

them with the new Unisys Post–Retirement and Extended Disability Medical Plan ("the new plan"). The new plan, under which the retirees now are required to pay the full cost of their premiums, sharply contrasts with the old plan and the predecessor plans, under which Unisys had paid most or all of the premiums.

Eight different lawsuits were filed against Unisys in four jurisdictions. The Judicial Panel on Multidistrict Litigation transferred all lawsuits filed outside this district here for consolidated disposition. *See* 28 U.S.C. § 1407. The Court (Cahn, S.J.) certified the class and identified three subclasses: the Sperry retirees, the Burroughs retirees, and the Unisys retirees.[1]

In *In re Unisys Corp. Retiree Medical Benefits ERISA Litigation*, 957 F.Supp. 628 (E.D.Pa.1997), the Court (Cahn, S.J.) granted summary judgment against those Sperry retirees who retired before November 17, 1986 (six years before the first complaint by the Sperry retirees was filed), and against those Burroughs retirees who retired before December 3, 1986 (six years before the first complaint by the Burroughs retirees was filed) on the ground that their breach of fiduciary duty claims were time-barred. *See id.* at 641–42. The Court also granted summary judgment against all Sperry, Burroughs, and Unisys retirees whose employment ended involuntarily as a result of being laid off, fired, or disabled before they retired, or as a result of being forced to retire at age 65, on the ground that they could not demonstrate "resulting harm," an element neces-

sary to establish a breach of fiduciary duty. *Id.* at 642–45.

On April 8, 1999, those retirees whose claims were dismissed in *In re Unisys Corp. Retiree Medical Benefits ERISA Litigation*, 957 F.Supp. 628 (E.D.Pa.1997), filed a motion for certification pursuant to Fed.R.Civ.P. 54(b), or in the alternative, to amend *In re Unisys Corp. Retiree Medical Benefits ERISA Litigation*, 957 F.Supp. 628 (E.D.Pa. 1997) pursuant to 28 U.S.C. § 1292(b), to enable them to petition the Third Circuit for permissive appeal. *See* Fed.R.App.P. 5(a).

### LEGAL DISCUSSION

■ Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . . .

Fed.R.Civ.P. 54(b). "The rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir.1975); *see Sussex Drug Prods. v.*

---

**1.** The sub-class of Sperry retirees includes "[a]ll non-union retired, disabled and other eligible former employees and their spouses and dependents who as of November 3, 1992 were participants in or beneficiaries of the employee welfare benefit plans pursuant to which Unisys or its predecessor, Sperry Corporation, has provided medical benefits to former employees of Sperry Corporation (or any division or unit thereof) who retired, became disabled or otherwise became eligible on or before April 1, 1989." *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 837 F.Supp. 670, 677 n. 10 (E.D.Pa.1993).

The sub-class of Burroughs retirees includes "[a]ll non-union retired, disabled and other eligible former employees and their spouses and dependents who as of November 3, 1992 were participants in or beneficiaries of the employee welfare benefit plans pursuant to which Unisys

or its predecessor, Burroughs Corporation, has provided medical benefits to former employees of Burroughs Corporation (or any division or unit thereof) who retired, became disabled or otherwise became eligible on or before May 1, 1989." *Id.* at 676 n. 9.

The sub-class of Unisys retirees includes "[a]ll non-union retired, disabled and other eligible former employees and their spouses and dependents who as of November 3, 1992 were participants in or beneficiaries of the employee welfare benefit plans pursuant to which Unisys has provided medical benefits to former employees of Unisys who retired, became disabled or otherwise became eligible on or after April 2, 1989, in the case of former Sperry employees, and May 2, 1989, in the case of former Burroughs employees." *Id.* at 675 n. 8

*Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990).

The parties agree that *In re Unisys Corporation Retiree Medical Benefits ERISA Litigation*, 957 F.Supp. 628 (E.D.Pa.1997) "direct[ed] the entry of a final judgment as to one or more but fewer than all of the claims or parties," Fed.R.Civ.P. 54(b), and thus falls within the scope of the Rule. The only question is whether "there is no just reason for delay" Fed.R.Civ.P. 54(b).

 Whether "there is no just reason for delay" depends on the facts and circumstances of each particular case. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10–11, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Allis–Chalmers Corp.*, 521 F.2d at 364. The Third Circuit has warned, however, that 54(b) orders should be entered not routinely, but " 'only in the 'infrequent and harsh case' as an instrument of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule.' " *Allis–Chalmers Corp.*, 521 F.2d at 363 (quoting *Panichella v. Pennsylvania R.R. Co.*, 252 F.2d 452, 455 (3d Cir.1958)). As the party seeking final certification, the retirees have the burden "to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Allis–Chalmers Corp.*, 521 F.2d at 365.

The retirees, who range in age from 55 to 75 years, argue that the unanticipated need to pay for medical insurance has unfairly forced many of them to choose among suffering from financial hardship, obtaining inferior coverage, or foregoing medical coverage altogether. They contend that the claims still pending in the district court will not be resolved "until at least the year 2000," and that unless the Court's Order is certified for appeal, "final resolution of the claims of the retirees covered by the dismissal rulings will be delayed at least another year." (Pls.'s Mem. at 5.)[2] They reasonably fear that because of their advancing age, "justice delayed [will be] justice denied."[3]

The retirees assert that the claims under review are "separable from the others remaining to be adjudicated," and are "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). They further assert that they "themselves have no other claims pending that could be resolved favorably and thereby moot their appeal of the dismissed claims" and that "[n]o decisions with respect to the other groups of retirees who remain in litigation could moot their appeal." (Pls. Mem. at 6.)

Unisys argues that, contrary to the retiree's assertion, future developments in the district court might render moot any claims certified for appeal. Specifically, it contends that if the Court grants its motion for summary judgment against all retirees "insofar as they seek restitution or specific performance in the form of vested medical benefits," *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 957 F.Supp. at 645, the retirees will be unable to obtain the relief they seek. Generally, Unisys contends that "through the adjudication of the remaining claims, this Court could determine facts that would apply on a company-wide basis to broad categories of claims and dispose of those claims." (Def.'s Mem. at 9.) Unisys further argues that the entry of a 54(b) order would waste judicial resources because appellate review would not materially advance this litigation to its ultimate conclusion; it contends that even if this Court were to enter a Rule 54(b) judgment, the retirees were to appeal, and the Third Circuit were to rule in favor of the retirees, any reinstated claims still would take many years to resolve.

 Entry of final judgment pursuant to Fed.R.Civ.P. 54(b) "is left to the sound judicial discretion of the district court" and "is to be exercised 'in the interest of sound judicial administration.' " *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460 (quoting

---

2. Pursuant to the parties' stipulation, Unisys's motion for summary judgment is not due until December 15, 1999, and the motion will not be fully briefed until January 31, 2000.

3. Sir Edward Coke, *The Second Part of the Institutes of the Lawes of England* 55–56 (4th ed. 1671).

*Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). The Court has considered the parties' arguments and finds that the entry of final judgment in this case would further the sound administration of justice. The elderly retirees continue to face uncertainty about insurance benefits critical to their financial security. Moreover, because the issues raised in the Court's Order are distinct from the other potential legal issues involved in this case, certification would not create the possibility of repetitive appellate review of the same issues. The Court is mindful of the inconvenience and inefficiency of piecemeal review, but under the circumstances, such judicial administrative interests are outweighed by the potential prejudice to the aging retirees that might be engendered by delaying their appeal. Accordingly, the Court finds that, in fairness and in the interest of justice, there is no just reason for delay and will direct the entry of judgment on the dismissal of the retirees claims. An Order follows.